The opinion of the court was delivered by
McEnery, J.
This is a petitory action, the plaintiff claiming ownership of east half of Sec. 22, Township 11 South, Range 2 *1114 East, situated in the parish of Vermilion, and containing 321 66-100 acres, and valued by plaintiff at $2500. She alleges that she is the heir of Marguerite Azelia Landry, wife of Maximilian Landry, Jr., deceased; that as such she is entitled to one-half of the succession of said Marguerite Azelia Landry; that she was owner in community with Maximilian Landry, her husband, of the above described property ; that one B. Philogene Landry is now in possession of said tract of land; that he took possession of the same, without title, in 1885; that he is a trespasser, and that she is entitled to rent at the rate of' $600 a year from 1st of January 1885 to the 1st of January 1892. She prays to be decreed the owner of one undivided half of said property, and for $3600 for rent.
The defendant demanded an exhibition of plaintiff’s title. She exhibited an abstract of entries, recorded in the parish of Vermilion, certified to by the clerk of court. The abstract shows that Maximilian Landry entered the above described property April 16', 1860.
The defendant set up title by virtue of an act of sale from. Florestin Bourque, June 11, 1881, who some time prior thereto acquired the same at tax sale, which was ratified by' Marie Bertrand, widow of Maximilian Landry, Sr.
The plaintiff offered in evidence copy of judgment recognizing her as the heir of Aglae Landry, wife of Maximilian Landry, Jr. This judgment decreed that the property inventoried in the succession of Maximilian Landry, Jr., should be declared community property, and the administrator of said succession was ordered to file a full and complete account of his administration on or before the next regular term of court.
The inventory of this succession is not in the record. If any account was filed it has not been offered in evidence.
There is nothing in the record to show that the property which is claimed by plaintiff was ever in the succession of Maximilian Landry, Jr. The receipt does not show it, and we think the defendant might have safely rested with the close of plaintiff’s testimony.
Interrogatories were propounded to several witnesses, and the answers were objected to by plaintiff as being an attempt to prove title to immovable property by parol testimony. The objection was overruled and the testimony admitted. The answers of the witnesses were in the main an attempt to show title by parol testimony. So far *1115 as they were directed to this they were inadmissible. But the records of the parish of Vermilion had been destroyed by fire, and'among the lost records was the tax deed to defendant. Marie Bertrand, widow of Maximilian Landry, after the alleged tax sale, made a deed to Florestin Bourque of the property in controversy. The part of the deed remaining, after its exposure to Are, shows that it was made in relation to a prior tax sale. We are of the opinion that her testimony that she had executed this deed to ratify the prior tax sale is admissible under the circumstances of this case.
The widow of Maximilian Landry, Sr., was evidently in possession of the property in 1878, when she executed this deed. The record forces the belief upon us that Maximilian Landry, Sr., entered this land, and in the absence of any testimony to show what was done in that succession or the succession of Maximilian Landry, Jr., we can not presume that she illegally conveyed the land to her vendee, Bourque. The defendant, so the testimony and the record aAirm, purchased in good faith from a party whom he believed to be the owner. His vendee purchased from the apparent owner and the party in possession. His title is translative of property. She and his vendee have been in actual corporeal and civil possession for more than ten years. The prescription pleaded must therefore prevail.
But independent of this plea, on a comparison of titles the plaintiff exhibits none, and the defendant set out an apparent valid one. The plaintiff, if the defendant’s title is weak, can not avail himself of it, but must present a stronger one.
Judgment affirmed.